## Edward D. Keys et al., Executors, Appellees, v. Addie B. Wohlgemuth, Executrix, Appellant.

1. WILLS—*what not absolute gift.* Held, that under the particular will in question in this case, a particular legatee received not an absolute gift of a specified sum of money but a life interest therein, except to the extent of such portion of such sum as might be delivered to such legatee, under the conditions named in the will, by the trustees appointed to hold the same.

2. WILLS—*rights of contingent beneficiary determined.* Held, under the provisions of the particular will in question in this case, that the beneficiary designated to receive a portion of a fund left in trust for another in the event of the death of that other, applied only to the particular fund mentioned in the clause by which such contingent interest is given.

3. COSTS—*when apportionment of, not disturbed.* In proceedings in equity the apportionment of costs is left largely to the discretion of the chancellor and such apportionment will not be disturbed in the absence of an abuse of discretion.

Bill to construe will. Appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the May term, 1908. Affirmed. Opinion filed November 17, 1908.

ALONZO HOFF, for appellant.

ALBERT SALZENSTEIN and JAMES H. MATHENY, for appellees.

MR. JUSTICE RAMSAY delivered the opinion of the court.

The controversy in this case relates to the construc-

tion of the will of Henry Wohlgemuth, deceased, late of Springfield, Illinois, who died on November 11, 1905. Said Henry Wohlgemuth, having no wife living, but having three children only, named respectively Henry J., William C., and Mabel, made his last will and testament in due form in which he made the following provisions: He gave to Mabel, in fee simple, a lot in the city of Springfield, five thousand dollars out of his personal estate, some household goods and a horse, carriage and harness; to William C. he gave in fee simple a lot in the city of Springfield and five thousand dollars to be paid out of his personal estate; and to Henry J. he gave and devised property in the following language:

"*Item Seventh:* I give and devise to my son, Henry J. Wohlgemuth, lot thirteen (13) in block fourteen (14) in E. Iles' Second Addition to the City of Springfield, Sangamon county, Illinois.

I also give and bequeath to my son Henry J. Wohlgemuth, two thousand dollars ($2,000) to be paid to him out of my personal estate not otherwise specifically bequeathed in this will. I direct that it be held in trust by my executors, whom I hereby appoint also as trustees for the purposes named in this will, for two years, that it be invested in interest-bearing security and he have the benefit thereof. If the interest and rent he receives be not sufficient for his reasonable fair maintenance, my executors, as such trustees, may, in their judgment, give him part of the principal, should it be necessary so to do, or should he be able to better his condition by paying it all, they will, in their discretion, have power to pay it over to him. In the event of his death if any money or real estate property be left given to him by me, it shall be equally divided between my two children above named and to their heirs."

By Item Eighth of said will said testator gave to the trustees named in the will fifty shares of the capital stock of the Farmer's National Bank of Springfield, together with what other monies, effects, personal prop-

erty or real estate be held, with power to such trustees to rent the real estate, to make repairs, pay taxes, etc., collect dividends on the bank stock and to sell and assign the bank stock and receive the proceeds thereof, and, if in their judgment it was deemed best, divide the bank stock into fifty parts, giving Mabel twenty shares, William twenty shares and Henry J. ten shares.

By Item Ninth of this will the testator gave power to the trustees to sell or dispose of his homestead, also all other real estate on such terms as they might think for the best interest of his heirs, and divide the proceeds upon the same basis as that given in Item 8 and in Item 9. The testator further directed that all other money or effects or proceeds of his estate from sale of property or otherwise, not specifically set apart in his will, should be divided in like manner, *i. e.,* Mabel two-fifths, William two-fifths and Henry J. one-fifth.

By Item Tenth and a codicil thereto the testator provided that the sum of $3,000 be set apart and safely invested in interest-bearing security and the proceeds thereof paid to his sister, Johanna Frauman, so long as she should live, and if necessary for her maintenance an amount out of the principal, not exceeding $100 per annum, be paid, and that the remainder of such $3,000 should be divided between said three children as provided in Item Ninth.

William C. Wohlgemuth died testate on December 4, 1905, leaving no child or descendants, but leaving Addie B. Wohlgemuth, his widow, to whom he gave and devised all his property, both real and personal, and whom he also named as sole executrix of his will.

Henry J. Wohlgemuth, the other son, died intestate, on December 20, 1905, leaving no widow, but leaving Mabel, his sister (wife of Henry B. Lubbe), as his sole and only heir at law.

Henry B. Lubbe was duly appointed administrator of the estate of Henry J. Wohlgemuth, deceased.

The question to be determined is, what share or part

of the estate of Henry Wohlgemuth, deceased, does Addie Wohlgemuth, the widow of William C. and devisee under his will, take.

Said Addie Wohlgemuth claims that the language in the seventh item of the will, namely, "In the event of his (Henry J.'s) death, if any money or real estate property be left given to him by me, it shall be equally divided between my two children above named and to their heirs," has relation, not alone to the property bestowed upon Henry J. by such Item Seventh, but applies with equal force to all the other property which Henry J. took under his father's will, and therefore said Addie would take one-half of such other property as sole legatee of William C.; while Lubbe, as administrator of the estate of Henry J. Wohlgemuth, claims the whole, or the unexpended part of the $2,000 devised to Henry J. by force of the first clause of Item Seven.

The contention of Lubbe that the gift of $2,000 to Henry J. was absolute and not for life, and that the last clause of such Item Seventh was repugnant to the first clause thereof seems to us to be wholly without merit. The gift to Henry J. of the $2,000 is not absolute but qualified. The testator directs that such sum be held in trust by the trustees and invested in interest-bearing securities that said Henry J. may have the benefit thereof; such trustees to give him a part of the principal only in case it should be necessary so to do to provide for his reasonable maintenance; with power upon the part of the trustees to pay all of such sum to him in the event that "he shall be able to better his condition." This language is too plain to admit of doubt. Until such time came that the executors or trustees did, in fact, deliver to Henry J. such fund, upon the conditions named in said Item Seventh, he was not the absolute owner thereof, and whatever of such sum remained in the hands of the executors or trustees undisposed of and not delivered to Henry J.

would be subject to the directions of the testator as expressed in his will.

We hold that under the last clause of such Item Seventh, viz., ''In the event of his death, if any money or real estate property be left given to him by me, it shall be equally divided between my two children or to their heirs'', Addie B. Wohlgemuth, as the sole heir to William C. Wohlgemuth, is entitled to one-half of said lot 13 devised to Henry J. and to one-half of what remained of the $2,000 undisposed of at the time of his death.

Addie B. Wohlgemuth contends that she is not only entitled to one-half of the $2,000 undisposed of, mentioned in Item Seventh, but also that she should have one-half of all the property which under the will would have gone to Henry J.; that the last clause of such Item 7, just above quoted, applied to all provisions of the will giving Henry J. any interest in his father's estate.

We are disposed to think that such words quoted have no reference to any property given to Henry J. other than that mentioned in said Clause 7. The expression of the testator relates solely ''to money and real estate.'' Under that clause the testator was speaking of or dealing with Lot 13 and $2,000 the interest only of which was to be paid to Henry J. (except upon the happening of a contingency), the seeming expectation of the testator being, as gathered from such Item Seventh, that of such devise and bequest there would be a remainder, and this remainder only was what the testator meant to dispose of by the language quoted. If the testator meant more than that why did he employ the words ''money and real estate?'' In other items of his will he gave absolutely to Henry J. property which was neither money nor real estate and since it must be understood that the testator in the employment of the words ''money and real estate'' used them in their ordinary sense, no reason occurs to us why the testator would not have

used other or different words, as he did in other items of his will, if he meant to devise or bequeath other and different property.

We therefore hold that the sister, Mabel Lubbe, and Henry B. Lubbe, as administrator, should receive all that part of the property and estate of Henry Wohlgemuth devised and bequeathed by him to Henry J. except that named in Item Seventh, viz., one-holf of lot 13 and one-half of that much of the $2,000 as remains undisposed of. We further hold that said Addie B. Wohlgemuth takes nothing in the amount bequeathed to Johanna Frauman, sister of the testator.

Complaint is made by Addie B. Wohlgemuth as to the manner in which the costs of the trial, in the circuit court were apportioned between the parties. Such apportionments in proceedings in equity are left largely to the discretion of the chancellor hearing the cause, and we do not feel that the discretion employed was improperly exercised.

The holdings of the trial court were in substantial accord with the views herein expressed and as the decree was right it will be affirmed.

*Affirmed.*